**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

REBECCA DANDY,

              Plaintiff,

       v.

ETHICON, INC., *et al.*,

              Defendants.

Civil Action No. 20-431 (MAS) (DEA)

**ORDER**

      This matter comes before the Court on amended objections to affirmative and counter-designations of depositions.[1] For clarity, the Court has appended its rulings to a chart provided by the parties. Those rulings are attached hereto.

      For the foregoing reasons, and other good cause shown,

      **IT IS** on this <u>21st</u> day of <u>April</u> 2023 **ORDERED** that:

          1.     The Court rules on the objections as set forth in the attached.

                                       **/s/ Michael A. Shipp**
                                       **MICHAEL A. SHIPP**
                                       **UNITED STATES DISTRICT JUDGE**

---

[1] (*See* ECF No. 213.)

1

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COUNTER-DESIGNATIONS FOR THOMAS BARBOLT**

| Objection # | Issue | Objection | Does this implicate a motion in limine ruling? | Response | Ruling |
|---|---|---|---|---|---|
| 10 | Barbolt 10/10/12 at 622:11-622:14 | Lack of foundation, Improper expert/opinion testimony | | The discussed article is a self-authenticating document under Fed. R. Evid. 902.  Further, Defendants designated Dr. Barbolt as a non-retained expert with an appropriate disclosure of the opinions he would provide within the scope of his employment. This testimony is particularly admissible as responsive where, as here, Plaintiff has designated similar opinion testimony from this witness about this same topic (degradation/"cracking and peeling away" of the polymer fibers) at 383:11-21, 385:14-20, 392:8-396:23, and 402:6-12. If Plaintiff is permitted to designate testimony regarding this witness's opinions related to alleged degradation/surface cracking, Defendants are entitled to designate responsive testimony which supports the opinions he provided in response to Plaintiff's attorney's questions in Plaintiff's designated testimony. | Overruled |

1

| 11 | Barbolt 10/10/12 at 623:3-623:5 | Lack of foundation, Improper expert/opinion testimony | | Same as above. | Overruled |
| 12 | Barbolt 10/10/12 at 623:8-623:20 | Lack of foundation, Improper expert/opinion testimony | | Same as above. | Overruled |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S AFFIRMATIVE DESIGNATIONS FOR AARON KIRKEMO**

| Objection # | Issue | Objection | Does this implicate a motion in limine ruling? | Response | Ruling |
|---|---|---|---|---|---|
| 70 | Scion/Safer Alternative Design not Alleged<br><br>Kirkemo 1/7/2014 at 360:9-361:8, 361:12-362:2, 362:5-11, 362:13-20, 376:13-18, 377:20-379:9, 382:10-24, 383:3-7, 383:13-17, 383:19-20, 384:4-6, and 384:8-10. | Project Scion was a product Ethicon attempted to develop that was never commercially developed or launched. Project Scion was going to be an adjustable mini obturator sling which utilized Ethisorb. In Dr. Rosenzweig's case-specific report [Doc. 122-5], he does not include Scion, any adjustable sling, mini | | This testimony by Ethicon's Associate Medical Director is relevant and highly probative. Mr. Kirkemo describes his opinion of the product at issue, the TVT-O, and the issues of the product uncovered by the witness. Plaintiff is not using evidence of the Scion project as a safer alternative in this case, but is instead demonstrating the witnesses' problems with the TVT-O and his opinion that the Scion project could have improved the TVT-O had it continued. This testimony is relevant for Plaintiff's design defect claim and claim for punitive damages and | Overruled |

2

| | Ex. Kirkemo 2 [Doc 207]. | sling, or any obturator sling with Ethisorb, as a potential safer alternative design [id. at pp. 50-52], and so email discussions and testimony about Project Scion are also irrelevant, unfairly prejudicial, and should be excluded. See also Doc. 95 at 34-35, in which the Court lays out the potential safer alternative designs remaining at issue in this case, which does not include Scion or any adjustable, mini, or obturator sling other than a sling utilizing Ultrapro. Any attempt by Plaintiff to designate evidence of safer alternative designs that do not have the required expert who opines as such would be an end-run around this Court's rulings, confuse and mislead the jury, and unnecessarily prolong the trial. | | demonstrates the unreasonableness of Defendant's actions. | |
|---|---|---|---|---|---|

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COUNTER-DESIGNATIONS FOR SUSAN LIN**

| Objection # | Issue | Objection | Does this implicate a motion in limine ruling? | Response | Ruling |
|---|---|---|---|---|---|
| 75 | Lin 3/12/13 at 69:17-70:6 | Relevance, improper expert testimony (FDA testimony), misstates legal standard re: 510(k) testimony | | Plaintiff's relevance objection has no merit as this Court has deemed FDA evidence related to clearance and FDA regulatory cations as relevant and admissible in this case, both as to liability regarding Plaintiff's design defect claim and Plaintiff's punitive damages claim. [Doc. 202 at pp. 30-33]. Further, the witness is not offering any improper opinion testimony. The witness is testifying within the scope of her employment in the regulatory affairs department at Ethicon regarding what FDA requirements the company has to follow in order to appropriately and legally market a device under the clearance process. This is a correct statement of that process by someone who is licensed in this field. This is directly responsive to Plaintiff's designations at 70:22-72:20 which would be misleading if not for the context of the above-counter. | Overruled |

4

| 76 | Lin 3/12/13 at 250:14-22 | Nonresponsive | | This testimony is directly responsive to Plaintiff's designation at 248:10-249:14 which asks the witness about Ethicon's investigation into (or alleged duty to investigate) the safety and effectiveness of ProteGen. If Plaintiff is permitted to designate testimony related to the ProteGen recall, Defendants' counter-testimony as to why Ethicon did not do the investigation into ProteGen Plaintiff suggests it should have is directly responsive to these designations and should be permitted. | Overruled |
| 77 | Lin 5/3/13 at 992:2-6 | Relevance as to TVT AA | | If Plaintiff is permitted to admit evidence regarding the ProteGen recall in an attempt to suggest the TVT device was defective, the fact that FDA cleared two similar mesh devices based on the TVT clearance in spite of the ProteGen recall is directly relevant and responsive. At minimum, reference to TVT-AA can be redacted so that the remaining testimony is only that addressing the TVT-O. | Overruled |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' COUNTER-DESIGNATIONS FOR ERIC ROVNER**

| Objection # | Issue | Objection | Does this implicate a motion in limine ruling? | Response | Ruling |
|---|---|---|---|---|---|
| 87 | Rovner 8/26/2014 at 211:4-22 | Relevance, more prejudicial than probative | | Plaintiff has designated a wealth of testimony from this witness regarding AUGS and SUFU membership and position paper and alleged undue bias associated with these organizations' positions (see, e.g., 304:21-304:25; 305:3-306:1). Position statements on the device at issue and the stated purpose of these statements, which are issued by leading scientific societies for female pelvic medicine and urogenital reconstruction, are patently relevant and probative evidence in this case.  This testimony is directly responsive to Plaintiff's designations which intend to paint Dr. Rovner, his professional organization, and the position statement in a negative light. | Overruled |
| 88 | Rovner 8/26/2014 at 212:13-19 | Relevance, more prejudicial than probative, hearsay | | Dr. Rovner does not cite any specific statement or offer any out-of-court statement for the truth of the matter asserted. Rather, he testifies to his own observations and impressions as a medical provider who recommends | Overruled |

6

| | | | | | |
|---|---|---|---|---|---|
| | | | | mesh to treat conditions like those experienced by Plaintiff. As recognized by Plaintiff's attorney in the designated question, Rovner's professional practical experience is inextricably intertwined with his experience as a member and leader of SUFU. His clinical experience and experience as a leading member of SUFU is directly relevant to motivations for his SUFU efforts being to benefit patients. This is also directly relevant to refute Plaintiff's narrative that SUFU's efforts were a result of company influence (e.g., 304:21-304:25; 305:3-306:1; 101:21-102:12; 91:3-91:16). | |
| 89 | Rovner 8/26/2014 at 214:5-20 | Hearsay, relevance, testimony from position statement improper, more prejudicial than probative, improper expert testimony | | Same as above. Further, position statements issued by leading scientific societies for female pelvic medicine and urogenital reconstruction, are patently relevant and probative evidence in this case in response to Plaintiff's designations of this witness. Dr. Rovner does not offer improper expert testimony; he directly speaks to the importance of the referenced white paper from his perspective as a physician and a leader of SUFU, including the reason the white paper was referenced in the Position Statement.  This testimony is directly responsive to Plaintiff's designations | Overruled |

7

| | | | | which intend to paint Dr. Rovner, his professional organization, and the position statement in a negative light. | |
|---|---|---|---|---|---|
| 90 | Rovner 8/26/2014 at 219:23-225:5 | Hearsay, relevance, more prejudicial than probative | | Dr. Rovner does not cite any specific statement or offer any out-of-court statement for the truth of the matter asserted. Rather, he testifies to his own observations and impressions as a medical provider who recommends mesh to treat conditions like those experienced by Plaintiff. His professional practical experience is inextricably intertwined with his experience as a member and leader of SUFU. His experience with patients declining treatment and his understanding of other providers' patients declining treatment, including reasons pertaining to media and patient perception, is therefore directly relevant to certain motivations for his SUFU efforts, particularly those with respect to the position statement. This is also relevant to combat Plaintiff's narrative regarding lawsuits being a motivation for the position statement. This testimony is directly responsive to Plaintiff's designations which intend to paint Dr. Rovner, his professional organization, and the position statement in a negative light. | Overruled |

| 91 | Rovner 8/26/2014 at 63:24-64:3 | Reference to attorney advertising improper, more prejudicial than probative | | Same as above. | Overruled |
|---|---|---|---|---|---|
| 92 | Rovner 8/26/2014 at 64:15-65:2 | Reference to attorney advertising improper, more prejudicial than probative | | Same as above. | Overruled |
| 93 | Rovner 8/26/2014 at 65:14-66:9 | Not responsive to question, hearsay, more prejudicial than probative | | This designation is conditional on Plaintiff's designation of testimony regarding legal proceedings being any basis for the SUFU/AUGS position statement.  Dr. Rovner does not cite any specific statement or offer any out-of-court statement for the truth of the matter asserted. Rather, he testifies to his own observations and impressions as a medical provider who recommends mesh to treat conditions like those experienced by Plaintiff. His professional practical experience is inextricably intertwined with his experience as a member and leader of SUFU. His experience with patients declining treatment and his understanding of other providers' patients declining treatment (and providers' resulting decrease in treating with surgical mesh), including reasons pertaining to lawyer advertisements, media, and patient perception, is therefore directly relevant to certain | Overruled |

| | | | | | |
|---|---|---|---|---|---|
| | | | | motivations for his SUFU efforts, particularly those with respect to the position statement. This is also relevant to combat Plaintiff's narrative regarding lawsuits being a motivation for the position statement. This testimony is directly responsive to Plaintiff's designations which intend to paint Dr. Rovner, his professional organization, and the position statement in a negative light. | |
| 94 | Rovner 8/26/2014 at 288:4-7 | Leading, vague, relevance | | This question does not require a specific answer as the witness could have responded with "no." Further, this designation is conditional on Plaintiff's designation of testimony regarding legal proceedings being any basis for the SUFU/AUGS position statement. Dr. Rovner testifies to his own observations and impressions as a medical provider who recommends mesh to treat conditions like those experienced by Plaintiff. His professional practical experience is inextricably intertwined with his experience as a member and leader of SUFU. His experience with and knowledge of patients declining treatment as a result of inaccurate information in the media is directly relevant to certain motivations for his SUFU efforts, particularly those with | Overruled |

10

| | | | | respect to the position statement. This is also relevant to combat Plaintiff's narrative regarding lawsuits being a motivation for the position statement. This testimony is directly responsive to Plaintiff's designations which intend to paint Dr. Rovner, his professional organization, and the position statement in a negative light. | |
|---|---|---|---|---|---|
| 95 | Rovner 8/26/2014 at 288:10-15 | Leading, reference to attorney advertising improper, relevance | | Same as above. | Overruled |
| 96 | Rovner 8/26/2014 at 288:18-289:2 | Leading, reference to attorney advertising improper, relevance | | Same as above. | Overruled |
| 97 | Rovner 8/26/2014 at 289:5-14 | Leading, relevance, more prejudicial than probative | | Same as above. | Overruled |
| 98 | Rovner 8/26/2014 at 289:17-20 | Leading, relevance, more prejudicial than probative | | Same as above. | Overruled |
| 99 | Rovner 8/26/2014 at 290:7-19 | Relevance, more prejudicial than probative, reference to attorney advertising improper | | Same as above. | Overruled |

11